J-S15033-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| DIANE M. MELLOW | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| ARTHUR F. SILVERBLATT, ESQUIRE AND SILVERBLATT & ASSOCIATES | |
| Appellees | No. 1385 MDA 2014 |

Appeal from the Order Entered August 5, 2014
In the Court of Common Pleas of Luzerne County
Civil Division at No(s): 3780-2010

BEFORE:  LAZARUS, J., WECHT, J., and JENKINS, J.

DISSENTING MEMORANDUM BY LAZARUS, J.:          **FILED MAY 01, 2015**

I respectfully dissent from the majority's decision.  I believe that there exists a genuine issue of material fact as to whether or not Mellow was, or should reasonably have been, on notice as to Silverblatt's alleged negligence in November 2006.  Based on the deposition testimony relied upon by the trial court and the majority, I believe reasonable minds could differ as to whether Mellow actually suspected negligence, or whether she was merely dissatisfied and frustrated with the divorce process itself.  Accordingly, I believe the issue of whether the equitable discovery rule might apply to toll the statute of limitations should have been allowed to be presented to a jury.

Whether the equitable discovery rule applies ordinarily requires the jury to make a factual determination as to whether the plaintiff acted with

reasonable diligence, unless the facts are so clear that reasonable minds cannot disagree on the issue. *O'Kelly v. Dawson*, 62 A.3d 414, 420 (Pa. Super. 2013). Our Supreme Court has expanded upon the roles of the trial court and jury as follows:

> As the discovery rule has developed, the salient point giving rise to its application is the inability of the injured, despite the exercise of reasonable diligence, to know that he is injured and by what cause. We have clarified that in this context, reasonable diligence is not an absolute standard, but is what is expected from a party who has been given reason to inform himself of the facts upon which his right to recovery is premised. As we have stated: There are very few facts which diligence cannot discover, but there must be some reason to awaken inquiry and direct diligence in the channel in which it would be successful. This is what is meant by reasonable diligence. Put another way, the question in any given case is not, what did the plaintiff know of the injury done him? But, what might he have known, by the use of the means of information within his reach, with the vigilance the law requires of him? While reasonable diligence is an objective test, it is sufficiently flexible to take into account the differences between persons and their capacity to meet certain situations and the circumstances confronting them at the time in question. Under this test, a party's actions are evaluated to determine whether he exhibited those qualities of attention, knowledge, intelligence and judgment which society requires of its members for the protection of their own interest and the interest of others.

> Therefore, when a court is presented with the assertion of the discovery rule's application, it must address the ability of the damaged party, exercising reasonable diligence, to ascertain that he has been injured and by what cause. Since this question involves a factual determination as to whether a party was able, in the exercise of reasonable diligence, to know of his injury and its cause, ordinarily, a jury is to decide it. Where, however, reasonable minds would not differ in finding that a party knew or should have known on the exercise of reasonable diligence of his injury and its cause, the court determines that the discovery rule does not apply as a matter of law.

*Fine v. Checcio*, 870 A.2d 850, 858-59 (Pa. 2005) (citations and punctuation omitted).

When confronted with the possibility of litigation, a layperson retains the services of a lawyer because lawyers are trained in the law and are presumed to be competent. It is the nature of our adversary system that laypersons involved in litigation – especially in emotionally charged situations such as divorce proceedings – are frequently dissatisfied and frustrated with the legal process, regardless of the competence level of their attorneys. Based on the record as it now stands, I believe that it is not sufficiently clear whether there existed "some reason to awaken inquiry," or whether Mellow was simply dissatisfied and frustrated with a legal process that she believed was generally slanted in favor of her politically powerful husband. For this reason, I would reverse the trial court's entry of summary judgment and remand for trial.